IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MILTON L. SNYDER,<br><br>Plaintiff,<br><br>vs.<br><br>(1) ADVANCED ACADEMICS, INC.,<br><br>Defendant. | Case No. 14-cv-1383-R<br><br>*State Court No. CJ-2014-3826*<br>*Oklahoma County District Court* |

## ANSWER OF
## DEFENDANT ADVANCED ACADEMINICS, INC.

Unless expressly admitted herein, Defendant Advanced Academics, Inc. ("AAI") denies each and every allegation set forth in the Plaintiff's Petition and further answers the Petition as set forth below. AAI's general denial of Plaintiff's allegations and its specific denials set forth below are all based upon AAI's current information and belief, and AAI reserves the right to amend its answers after the opportunity for further investigation and discovery.

1. AAI is without knowledge or sufficient information to admit or deny the allegations contained in Paragraph 1.

2. AAI denies the allegations contained in the first two sentences of Paragraph 2, but admits the allegation contained in the last sentence of Paragraph 2.

3. AAI denies the allegation contained in Paragraph 3.

{S291071;2}  .1

## **FACTUAL BACKGROUND**

4. AAI admits that, at one time, it worked with schools and school districts nationwide to provide online learning through a web-based curriculum, as alleged in Paragraph 4. AAI denies that is continues to provide such services.

5. AAI denies the allegations contained in Paragraph 5, except so much thereof as alleges AAI entered into a Nonexclusive Independent Contractor Agreement with Plaintiff on October 1, 2004, which was later modified (the "Agreement"), the terms of which address the services Plaintiff was to provide and compensation Plaintiff was entitled to receive.

6. AAI denies the allegations contained in Paragraph 6, except so much as alleges AAI retained the services of Plaintiff based on his qualifications, and the services Plaintiff performed on behalf of AAI benefitted AAI and facilitated AAI's expansion into the Pacific Northwest Region. AAI denies the allegations contained in the last sentence of Paragraph 6.

7. AAI denies the allegations contained in Paragraph 7. For further answer, AAI admits Plaintiff attempted to sell AAI's products to various schools in the Pacific Northwest. AAI admits Plaintiff sold AAI's product to one school.

8. AAI denies the allegations contained in Paragraph 8. For further answer, AAI admits it received the benefit of the revenues Plaintiff generated as a result of his work for AAI, but denies Plaintiff is entitled to the payment of any sum in addition to the sum already paid to Plaintiff.

9. AAI denies the allegations contained in Paragraph 9.

10. AAI denies the allegations contained in Paragraph 10.

11. AAI denies the allegations contained in Paragraph 11.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

12. No response to Paragraph 12, incorporating all prior allegations, is required. To the extent a response is required, AAI reasserts and realleges to each its answers made herein.

13. AAI denies the allegations contained in Paragraph 13, except so much thereof as alleges AAI entered into the Agreement with Plaintiff, the terms of which address the services Plaintiff was to provide and compensation Plaintiff was entitled to receive.

14. AAI denies the allegations contained in Paragraph 14.

15. AAI denies the allegations contained in Paragraph 15.

### SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

16. No response to Paragraph 16, incorporating all prior allegations, is required. To the extent a response is required, AAI reasserts and realleges to each its answers made herein.

17. AAI denies the allegations contained in Paragraph 17.

18. AAI denies the allegations contained in Paragraph 18.

### THIRD CAUSE OF ACTION
### MONEY HAD AND RECEIVED

19. No response to Paragraph 19, incorporating all prior allegations, is

required. To the extent a response is required, AAI reasserts and realleges to each its answers made herein.

20. AAI denies the allegations contained in Paragraph 20.

21. AAI denies the allegations contained in Paragraph 21.

## FOURTH CAUSE OF ACTION
## CLAIM FOR EQUITABLE ACCOUNTING

22. No response to Paragraph 22, incorporating all prior allegations, is required. To the extent a response is required, AAI reasserts and realleges to each its answers made herein.

23. AAI denies the allegations contained in Paragraph 23.

AAI denies Plaintiff's entire prayer for relief and denies that Plaintiff is entitled to any damages from AAI.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses," AAI does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters. As its affirmative defenses to the claims set forth by Plaintiff in the Petition, AAI alleges as follows:

1. Plaintiff's Petition fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by accord and satisfaction.

3. Plaintiff's claims are barred in whole or in part by estoppel.

4. Plaintiff's claims are barred in whole or in part due to laches.

5. Plaintiff's claims are barred in whole or in part due to payment.

6. Plaintiff's claims are barred in whole or in part by the statute of limitations.

7. Plaintiff's claims are barred in whole or in part by waiver.

AAI reserves the right to assert any other matter constituting an avoidance or affirmative defense after discovery in this case.

## Prayer

WHEREFORE, Defendant Advanced Academics, Inc. prays that the Court grant judgment in favor of AAI and against Plaintiff on all claims in the Petition; that AAI be awarded its costs of this action, including attorneys' fees; and that AAI be granted such other relief as the Court may deem just and equitable.

Respectfully submitted,

*s/ Sidney G. Dunagan*
Sidney G. Dunagan, OBA No. 2524
Amy M. Stipe, OBA No. 18361
Ellen A. Adams, OBA No. 21518
GABLEGOTWALS
One Leadership Square, 15th Floor
211 N. Robinson
Oklahoma City, OK 73102
(405) 235-5500
(405) 235-2875 (Fax)
***Attorneys for Defendant AAI***

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2014, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electric Filing to the following counsel of record in this matter:

Bruce A. Robertson and Matthew C. Kane
**Attorneys for Plaintiff**

                                  *s/ Sidney G. Dunagan*
                                  Sidney G. Dunagan