# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON SNYDER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-14-1383-R |
| ADVANCED ACADEMICS, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand. Doc. No. 13. Plaintiff filed this action in the District Court of Oklahoma County on July 3, 2014, and Defendant removed to this Court on the basis of diversity of citizenship and satisfying the amount in controversy pursuant to 28 U.S.C. § 1332(a). Pet. 1; Doc. No. 1, at 3. Plaintiff seeks remand on the contention that Defendant's principal place of business was Oklahoma at least until December 2013, when it sold all of its assets. Doc. No. 13, at 3. Therefore, the Court should find that Defendant is a citizen of Oklahoma, and under the forum-defendant rule, 28 U.S.C. § 1441(b)(2), removal is not permitted. *Id.* Defendant argues that it is not a citizen of Oklahoma because its principal place of business is Illinois, and therefore removal is proper. Doc. No. 14, at 11. Having considering the parties' submissions, the Court denies the motion to remand.

## Analysis

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). A corporation is deemed a citizen of every State in which it is incorporated and where it has its principal place of business. § 1332(c)(1). The Supreme Court recently clarified the meaning of the phrase "principal place of business" in § 1332. The Court concluded it is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* at 93. In this analysis, the Court considers where the corporation's principal place of business ("PPB") was at the time the action was filed. *Evitt v. Durland*, 242 F.3d 388 (10th Cir. 2000) (unpublished) (footnote omitted) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1990) (noting the "well-established rule that diversity of citizenship is assessed at the time the action is filed)).

## A. Circuit Split: Principal Place of Business of an Inactive Corporation

There is a split among the circuits on the issue of how to determine the PPB of a "dissolved" or "inactive" corporation for purposes of § 1332.[1] The Third and Eleventh Circuits maintain the bright-line rule that an inactive corporation has no principal place of

---

[1] Defendant argues that the Supreme Court resolved the circuit split in 2012, and directs the Court to passages that it represents as coming from that Court's opinion on the issue. Doc. No. 14, at 7, 12-14. But instead of quoting an opinion from the Supreme Court, Defendant draws language from a Petition for a Writ of Certiorari, which was dismissed. *Id.* at 13-14 (quoting *LanLogistics, Corp. v. Holston Invs., Inc. B.V.I.*, Petition for a Writ of Certiorari, 2012 WL 4359245 (Sept. 21, 2012)); *see LanLogistics, Corp. v. Holston Invs., Inc. B.V.I.*, 133 S. Ct. 499 ("The petition for writ of certiorari in the above-entitled case was dismissed today pursuant to Rule 46.1 of the Rules of this Court."). This is clear from a block quote provided by Defendant in its brief, which states, "this Court should grant the Petition for Writ of Certiorari and reverse the Eleventh Circuit's decision." Doc. No. 14, at 14.

business; it is a citizen only of its state of incorporation. *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012); *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995). In contrast, the Second Circuit holds that an inactive corporation is a citizen of its state of incorporation and its *last* principal place of business. *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2d Cir. 1991).

The Fifth Circuit takes a middle-ground position. It maintains that "while the place of an inactive corporation's last business activity is relevant to determine its principal place of business, it is not dispositive." *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992). In that circuit, when "a corporation has been inactive in a state for a substantial period of time, … that state is not the corporation's principal place of business." *Id.* "The question of substantiality must be decided on a case-by-case basis." *Id.* at 551 n.10.

The Fourth Circuit focuses on the nature of the corporation's activities at the time the action was commenced to determine whether that activity "was sufficient to make it a citizen of the state of such activity." *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 291 (4th Cir. 1999). That court reasons, "[e]ven when a corporation has ceased all operations and has become inactive, the continuing impact of its business in a given locale could linger on to an extent sufficient to give it a geographical identity there as its principal place of business. Indeed, a corporation's winding up of its business affairs may well constitute a significant activity and consume a considerable period of time." *Id.*

In *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245-46 (10th Circuit 2009), the Tenth Circuit upheld the district court's holding that the business activities of one of the defendants was substantial enough to constitute "transacting business" for purposes of § 1332. In that case, the defendant corporation had been acquired by another company prior to filing, and since then, had engaged in environmental remediation activities in response to legal claims from its prior operations. *Id.* at 1246. The district court concluded that this clean-up activity, conducted in Oklahoma, "suffices to establish Oklahoma as BZC's principal place of business." *Id.*

Because *Coffey* was decided prior to *Hertz*, the court applied the "total activity of the company" test in its PPB analysis, instead of the nerve center test. *Id.* But this case is still instructive, like the pre-*Hertz* cases from other circuits outlined above. *Coffey* directs courts to first consider the activities of the corporation at the time of filing to determine if those activities are sufficient to constitute "transacting business" for purposes of § 1332, even if there was a substantial change in the corporation's ownership prior to filing. If the court finds that the corporation was "transacting business" at the time of filing, it should then find the "nerve center" of those activities, as directed by *Hertz*. If not, if the corporation was truly "inactive," then *Coffey* does not provide an answer.

Consistent with *Coffey*, the Court considers Defendant's activities at the time of filing. Unfortunately, Defendant has not provided the Court with much detail on its activity at that time. This action was filed in state court on July 3, 2014. Pet. 1. According to an affidavit submitted by Defendant's President, the only current job of its officers and directors is to "wind down AAI's operations," which the Court presumes was also the

case at the time of filing. Doc. No. 14, Ex. 1, ¶¶ 1, 8. Assuming this "winding down" activity is sufficient to constitute "transacting business" for purposes of § 1332, the nerve center of this activity is Illinois, where Defendant's officers are located and where the "actual direction, control, and coordination" of Defendant's activity occurs. *Id.*, ¶¶ 8, 10.

If this activity is insufficient to constitute "transacting business" for purposes of § 1332, *Coffey* no longer governs the analysis, and the Court must consider how other circuits have answered the question. But the undersigned need not adopt one approach in this case because regardless of which approach is taken, the same result obtains. This becomes clear when one looks at Defendant's activity in early 2014. Defendant's President attests that up until at least April 7, 2014, Defendant was servicing its then-existing contracts in Oklahoma. *Id.*, ¶ 3. The Court finds that servicing existing contracts is sufficient to constitute "transacting business" for purposes of § 1332. But the nerve center of this activity was not Oklahoma. Since December 31, 2013, Defendant has not maintained an office in Oklahoma, nor had any officers in the state. *Id.*, ¶ 7. "The sole officer and directors of AAI are citizens of Illinois." *Id.*, ¶ 8. Therefore, Defendant's "nerve center" in early 2014, where Defendant's officers directed, controlled, and coordinated the servicing of its Oklahoma contracts, was Illinois.

Regardless of which approach the Court applies, the same conclusion results: Defendant is not a citizen of Oklahoma under § 1332. Under the Third and Eleventh Circuits' approach, Defendant has no PPB and is a citizen only of its state of incorporation, Delaware. Doc. No. 14, Ex. 1, ¶ 5, Ex. 3. Under the Second and Fifth Circuits' approaches, Defendant's last PPB was Illinois, not Oklahoma. Finally, under the

5

Fourth Circuit's approach, Defendant's current activity of winding down its operations is being directed and controlled from Illinois, not Oklahoma. Therefore, the Court finds that, for purposes of § 1332, Defendant is not a citizen of Oklahoma, and is therefore not precluded from removing to federal court under § 1441(b)(2).

**B. Other Factors Raised by Plaintiff**

Plaintiff raises several considerations that he asserts may be helpful in the Court's consideration of whether Defendant is a citizen of Oklahoma. Doc. No. 13, at 1. First, Plaintiff contends that Defendant's failure to file its Certificate of Withdrawal with the Oklahoma Secretary of State until after this action was filed supports remand. Doc. No. 13, at 4 n.2. Plaintiff is correct that Defendant did not file the certificate until October 10, 2014, after the July 3 filing date. Doc. No. 14, Ex. 3. But this fact does not control the PPB analysis. Although Defendant may have been authorized to conduct business in Oklahoma until October 10, 2014, as explained above, its PPB under the nerve center test was not Oklahoma at the time of filing.

Second, Plaintiff points out that "Defendant admits that service was appropriate via its designated Oklahoma service agent." Doc. No. 13, at 2. Defendant argues that this fact is irrelevant to the question of whether it is a citizen of Oklahoma. Doc. No. 14, at 16-17. The Court agrees. The sole fact that Plaintiff obtained service of process on Defendant through its designated Oklahoma service agent does not make Oklahoma Defendant's PPB under the nerve center test.

Third, Plaintiff directs the Court to Defendant's website, which "identifies Oklahoma as the location of the business and invites communication via such contact

6

information." Doc. No. 13, at 2. But the website's home page clearly notes, "Effective December 31, 2013, Connections Education (www.connectionseducation.com) has acquired the education products and service assets of Advanced Academics. CE looks forward to working with current AAI schools and school district customers. CE and AAI representatives will be in contact with all current AAI customers during the week of January 6." ADVANCED ACADEMICS, http://advancedacademics.com (last visited Apr. 2, 2015). Given this clear message, this website does not contradict the evidence supporting Defendant's contention that in 2014, it did not engage in any business in Oklahoma other than servicing then-existing contracts.

### C. Forum Selection Clause as Waiver

Finally, Plaintiff notes that the contract governing this dispute requires that the action be brought in Oklahoma. Doc. No. 13, at 2. Defendant contends that to the extent Plaintiff relies on the forum selection clause to support remand, such reliance is inappropriate in this case. Doc. No. 14, at 17-20. "[A] waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'" *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (citations omitted). Here, the relevant contractual provision states, "the parties agree and understand that any action instituted in relation to this Agreement or any acts undertaken by the parties pursuant to this Agreement shall be instituted and prosecuted *in any Court with its status in Oklahoma County, State of Oklahoma*, and each party waives any right to change of venue." Doc. No. 14, Ex. 2, at 5 (Section 10: Choice of Law) (emphasis added).

7

In 2005, the Tenth Circuit addressed this issue, albeit with different contractual language. The court distinguished between terms of sovereignty, when "the contract language refers to the state courts to the exclusion of the federal courts," and terms of geography, when the language encompasses state courts within a particular region, as well as the federal court sitting in that region. *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 925 (10th Cir. 2005). The Circuit was charged with deciding whether the contractual language "Courts of the State of Colorado" should be read as a term of sovereignty or a term of geography. *Id.* at 925. It found persuasive a 2003 decision from the Fifth Circuit, in which that court relied on the definition of the word "of" in Black's Law Dictionary. *Id.* at 926 & n.1 ("'Of' is defined as a term 'denoting that from which anything proceeds; indicating origin, source, descent, and the like.'"). Because "[f]ederal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions," the Tenth Circuit found that the term "Courts *of* the *State* of Colorado" does not encompass a federal court located in Colorado because the federal court is "a court *of* the *United States of America*." *Id.* at 926. In other words, it read this contractual provision as a term of sovereignty, rather than a term of geography. *Id.*

In coming to its conclusion, the Circuit distinguished a Sixth Circuit case, *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992), which held "that a forum selection clause requiring disputes to be brought 'in courts in the State of Ohio' did not exclude the federal district court for the Northern District of Ohio, which the court noted was unquestionably *in* Ohio." *Id.* at 926 n.2. The forum selection clause at issue here is

8

similar to the language in *Basicomputer*. The Court finds that the language "in any Court with its status in Oklahoma County, State of Oklahoma" includes the federal district court for the Western District of Oklahoma, which is certainly *in* Oklahoma County. The forum selection clause in this case is a term of geography. Therefore, Defendant did not waive its right to remove this action from state to federal court.

**Conclusion**

Regardless of which approach the Court applies, Defendant's PPB was not Oklahoma at the time of filing and Defendant is not incorporated in Oklahoma. Therefore, Defendant is not a citizen of Oklahoma for the purposes of § 1332, and is not precluded from removing under § 1441(b)(2). Plaintiff's Motion to Remand [Doc. No. 13] is DENIED.

IT IS SO ORDERED this 3rd day of April, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE